RECEIVED
IN LAKE CHARLES, LA

JAN - 6 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 00 CR 20030** |
| VS. | : | JUDGE MINALDI |
| **ALBERT LANDRY MOUTON** | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion for Clarification of his sentence [doc. 578] IS DENIED.

On December 19, 2000, the defendant was sentenced to 150 months to run concurrently with the state sentence that he was then serving. In the computation of this federal sentence, the court must decide when the federal sentence begins and to what extent the defendant can receive credit for time served in state custody. *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa.), aff'd 100 F.3d 946 (3rd Cir. 1996). This determination is governed by 18 U.S.C. §3585(a). When a federal sentence is imposed upon a defendant in state custody, the federal sentence begins to run when the Attorney General agrees to designate the state facility for service of the federal sentence. The earliest date a federal sentence can begin is the date on which it is imposed. This concurrent sentence would begin to run on the date of the federal judgment, no earlier.

If the defendant believes that he is not being given credit for time served, his remedy is to

exhaust all administrative remedies and then to file a §2255 motion.

Lake Charles, Louisiana, this ___ day of January, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE